IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER McNEAL, SR., ) | |
| CAMERON BELK, SR., ) | |
| RODERICK WHITTAKER, ) | |
| CHRISTOPHER WARLOCK, ) | |
| LEONARD WARREN, ) | |
| SHAWN LaFOLLETTE, ) | |
| DEMETRIUS BLUE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD WATSON, ) | |
| ST. CLAIR COUNTY JAIL, ) | |
| TAMMI GRIME, ) | Case No. 21-cv-341-DWD |
| SHAN COLLINS, ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| DAVID MARCOWITZ, ) | |
| C/O HERNDON, ) | |
| LT STRUBERG, ) | |
| SECURUS TECHNOLOGIES, ) | |
| LT PENIER, ) | |
| LT BUJNAK, ) | |
| SGT NICHOLAS, ) | |
| SGT MESEY, ) | |
| SGT SCOTT, ) | |
| SGT MOORE, ) | |
| MARCIE WARNER, ) | |
| SGT GREEN, ) | |
| C/O KEMPF, ) | |
| C/O BROWN, ) | |
| C/O LIEBIG, ) | |
| C/O SMITH, ) | |
| C/O EVERETTE, ) | |
| SALMARTIS OWENS, ) | |
| DENNIS P. LARSON, ) | |
| B. JOHNSON, ) | |
| C/O THORPE, ) | |
| C/O FUTRELL, ) | |
| RODNEY WILSON, ) | |
| C/O SABO, ) | |

| | |
|---|---|
| C/O SIMMS, | ) |
| C/O REED, | ) |
| C/O WILBURN, | ) |
| C/O LAZONTE, | ) |
| C/O KNYFF, | ) |
| C/O ZERCHEBOK, | ) |
| T. JOHNSON, | ) |
| SGT CHAMBERS, | ) |
| ARAMARK CORRECTIONAL SERV., | ) |
| INC., | ) |
| C/O JP, | ) |
| JIM GOMRIC, | ) |
| EDWIN R BOWEN, | ) |
| MARK KERN, | ) |
| C/O STROUD, | ) |
| NURSE SHERRI, | ) |
| MELODY MURRAY, | ) |
| JAIL MAINTENANCE FOREMAN, | ) |
| NURSE SHANNON, | ) |
| MARY ROBINSON-DAVIS, | ) |
| NURSE YVONNE, | ) |
| NURSE ASHLEY, | ) |
| NURSE JENNIFER, | ) |
| NURSE MORRISS, | ) |
| C/O CASEY, | ) |
| C/O HUMPHRIES, | ) |
| JANICE McCARRON, | ) |
| JANELLE BLOODWORTH, | ) |
| FLOYD HIGGINS, | ) |
| C/O GARNER, | ) |
| ST CLAIR CNTY HEALTH INSPECTOR, | ) |
| ST CLAIR CNTY HEALTH DEPT, | ) |
| MIKE RIPPERDA, | ) |
| C/O WALT, | ) |
| C/O CRUZ, | ) |
| JUDGE O'GARA, | ) |
| JUDGE HAIDA, | ) |
| C/O FORDSON, | ) |
| NURSE KATE, | ) |
| C/O RIVERA, | ) |
| DEBRA HALE, | ) |
| NURSE LASTELLA, | ) |
| C/O BECKER, | ) |
| C/O BRIGGS, | ) |

| | |
|---|---|
| C/O GERMAINE, | ) |
| MATT PEREZ, | ) |
| KEEFE GROUP, | ) |
|               Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on a conditions of confinement lawsuit filed by a number of St. Clair County Jail detainees that was originally filed in state court but has been removed to federal court by one of eighty-five defendants. Although this was case originally filed in state court and removed to this court, 28 U.S.C. § 1915A still mandates a preliminary review of this action. *See Gibson v. Carrington*, 2021 WL 1667036 at *1 (S.D. Ind. 2021) (conducting 1915A review for a removed case).

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. Because claims under 42 U.S.C. § 1983 must be based on a

defendant's personal involvement in a constitutional violation, each individual defendant plaintiff wishes to sue must be able to understand what he or she is alleged to have done to violate plaintiff's rights. *See e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.") *citing Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). "A complaint must contain enough details to connect an individual defendant's actions with a discrete harm. *See e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). For example, a Plaintiff could allege that due to a cold cell he got frostbite, and he was refused medical care for the frostbite.

Additionally, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Federal Rules of Civil Procedure 18 and 20 limit a plaintiff's ability to combine unrelated claims against different defendants. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence, or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

On the first page of the Complaint, Plaintiffs wrote, "Plaintiffs' bring lawsuit under 42 U.S.C. § 1983." (Doc. 1 at 10). The Complaint contains contentions about nearly every aspect of confinement at the St. Clair County Jail. Plaintiffs complain of: improper mental health care; improper medical attention; dangerous housing conditions with

violent detainees; lack of speedy trials; excessive bonds; food allergies; the physical size of cells; temperature regulation; black mold; HIPPA violations; insufficient food; wet food trays; insufficient cleaning supplies; lack of exercise or recreation; unpaid labor; lack of religious services; insufficient law library or supplies; interference with mail; issues with phone calls; visitor restrictions; inflated commissary prices; corporal punishments; lack of showers; improper disciplinary proceedings; fights; laundry access; lack of personal hygiene supplies; improper supervision; lack of internal grievance procedures; human rights violations; discrimination; plumbing problems; coronavirus management; excessive force practice searches; prison rape issues; and, improper searches and seizures, among other things. (Doc. 1 at 10-27). The Plaintiffs claim that based upon their 34 detailed allegations they have established clear violations of their rights. The Plaintiffs' included 77 paragraphs demanding various types of relief, such as, the opportunity to buy goods from another commissary vendor, the installation of ½ doors for privacy in bathroom areas, and a mandate that the jail administrator make weekly walk throughs of the cell blocks to address and resolve issues. (*Id.* at 27-33 ¶¶ a-uuu). In paragraphs that follow the demand for relief, Plaintiffs contend that as pretrial detainees, they are entitled to a greater standard of care under *Bell v. Wolfish*, because pretrial detainees should not be punished at all. (Doc. 1 at 38). Plaintiffs further contend that the conditions they have been subjected to constitute cruel and unusual punishment. In addition to the demands for relief, Plaintiffs' seek $68 million dollars in compensatory damages. (*Id.* at 38).

At the end of the Complaint, Plaintiffs insist that they can file a state tort action "regardless of whether defendants violated any of their constitutional rights and regardless of whether Plaintiffs are also filing a Section 1983 Federal lawsuit." (*Id.* at 40). The Complaint is co-signed by Cameron Belk, Sr. and Christopher McNeal, Sr. (*Id.*)

## Removal

A defendant is permitted to remove a case to federal court under 28 U.S.C. § 1441(a), "any civil action brought in State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States[.]"  A defendant must remove an action within 30 days of service of the initial pleading.  28 U.S.C. § 1446(b)(2)(B).  Defendant Keefe Group Inc. alleges that it received the Complaint on March 26, 2021, and the matter was removed on March 30, 2021.  Defendant Keefe Group argues that the case was properly removed because the suit is an attempt to bring a § 1983 action in state court.  Plaintiffs did not oppose the removal in any fashion.

The face of the Complaint clearly bears an intention to bring claims under § 1983, because the Plaintiffs expressly labeled the pleading as such.  The latter expression at the end of the pleading that Plaintiffs' may wish to maintain concurrent litigation in state court and federal court does not change the removability of this case. Plaintiffs wrote on the face of their pleading that they brought claims pursuant to §1983, so the case was subject to removal.  Defendant was within its rights to remove the case, and the Court finds that it properly has jurisdiction over the matter.

## Analysis

The Court notes that this lawsuit is strikingly similar to a federal lawsuit filed by a large group of detainees at the St. Clair County Jail in February of 2021. *McNeal et al. v. Watson et al.*, 21-cv-142-DWD (S.D. Ill.). All defendants between the two actions are identical with the exception that in this lawsuit, Plaintiffs additionally named St. Clair County, and Matt Perez. All Plaintiffs in this action, are also participants in the earlier action.

The statement of jurisdiction in the two actions is nearly verbatim, with the exception that in this suit the Plaintiffs' argue that the Twentieth Judicial Circuit of Illinois State court has jurisdiction, whereas in the earlier suit they wrote that the Southern District of Illinois had jurisdiction. Both jurisdictional statements cite to § 1983 and discuss 11th Amendment immunity. The jurisdictional statement in this case does not contain any mention of the basis for state court jurisdiction, other than, that the acts in question took place in Belleville, Illinois, within St. Clair County. (Doc. 1 at 11).

Paragraphs 1-34 of the two complaints are identical with one exception. Paragraph 23 of the present Complaint skips subpart d, and so has an extra subpart as compared to earlier suit. At paragraph 35, the two complaints diverge. The present complaint proceeds to paragraphs a-uuu of demands for relief, whereas the earlier complaint contains 13 additional pages of constitutional allegations and factual narrative. *Compare* Doc. 1 of 21-cv-341 at pages 27-33 with Doc. 1 of 21-cv-142 pages 20-32. The earlier filed complaint seeks relief in paragraphs 37 a-vvv. The only demand for relief that is different between the two cases is paragraph 37vvv of the earlier filed complaint which asks that

the CDC inspect the St. Clair County Jail to review cleaning and COVID-19 practices. Both cases cite identical precedent.

Under the doctrine of claim preclusion or res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in an earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In general, res judicata "requires litigants to join in a single suit all legal and remedial theories that concern a single transaction." *Perkins v. Board of Trustees of the University of Illinois*, 116 F.3d 235, 236 (7th Cir. 1997). Res judicata has three elements: (1) an identity of parties or their privies; (2) an identity of causes of action; and (3) a final judgment on the merits. *Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 200). "The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground…[t]he test is whether the district court has finished with the case." *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). Even though a without prejudice dismissal suggests an invitation to file future litigation absent earlier defects, it does not mean that a suit is immune to res judicata problems. *Id.* at 1146-47. If an identical case is filed at a later date, the basis for the earlier dismissal, even if it was without prejudice, can still apply and have a preclusive effect if the later case has the same defects. *Id.*

If a plaintiff voluntarily dismisses a case, such a dismissal can still count for purposes of res judicata. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

A district court may raise the issue of res judicata sua sponte "if a court is on notice that it has previously decided the issue presented…this result is fully consistent with the

policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000) *quoting United States v. Sioux Nation*, 448 U.S. 371, 432 (1980).  Public records from previous litigation may be considered in the analysis of res judicata. *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020).  If it is obvious on the face of a complaint that a case is barred by res judicata, the court need not wait for a defendant to file an answer to determine the case is barred. *Muhammad*, 547 F.3d at 878 ("a plaintiff can plead himself out of court.").

In addition to res judicata, a court can also dismiss a lawsuit if it is entirely duplicative of another suit that is currently pending. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993).  "[B]efore dismissing a suit as duplicative, 'the district judge should consider any special factors counseling against the exercise of jurisdiction in the case before him." *Id. citing Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979).  The fact that a Plaintiff's earlier suit may eventually be dismissed because of his own failure to follow procedural rules, does not counsel against dismissing a duplicative suit. *Id.* "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are…devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F.Supp. 1210, 1213 (N.D. Ill. 1983).

The present case is duplicative, and some plaintiffs are subject to claim preclusion because it is an exact replica of the earlier filed case—*Belk, et al. v. Watson, et al.*, 21-cv-142-DWD (S.D. Ill. 2021). The reasons for dismissal differ by Plaintiff.

First, as to the plaintiffs who did not sign this complaint—Roderick Whittaker, Christopher Warlock, Leonard Warren, Shawn LaFollette and Demetrius Blue—all were parties to the earlier litigation. On February 16, 2021, they were informed that if they wished to proceed with the litigation, Federal Rule of Civil Procedure 11(a) required them to submit a signed copy of the complaint. *Belk, et al. v. Watson, et al.*, 21-cv-142 (Doc. 5 at 4). They were informed that if they did not take the actions set forth in the Order, they would be dismissed without prejudice for failure to prosecute or comply with a court order. *Belk, et al. v. Watson, et al.*, 21-cv-142 (Doc. 5 at 6). These five plaintiffs did not submit signed complaints, so on June 3, 2021, they were all dismissed from the case for failure to comply with a court order, and for failure to provide a signed complaint in violation of Rules 11(a) and 41(b). (Doc. 133 at 4-5).

In the present case, this same group of Plaintiffs failed to sign the underlying complaint. A failure to sign the complaint violates Rule 11(a). In the ordinary course, the Court would give the parties a chance to remedy the issue, but here, the parties have already been given such an opportunity in the earlier filed litigation. The complaint contains claims identical to the complaint in 21-cv-142 and it names the exact same defendants. A procedural ruling in an earlier case can serve as a basis for res judicata in a later case. Here, the Court finds that the earlier case was already dismissed on procedural grounds for failure to sign the complaint, and because this case is identical,

the same procedural ruling should apply to these parties in the present case. Dismissals under Rule41(b) for failure to prosecute "operate [] as an adjudication on the merits, meaning that they have preclusive effect for purposes of res judicata." *Illinois ex rel. Strakusek v. Omnicare, Inc.*, 2021 WL 308887 *1, *5 (N.D. Ill. 2021) *citing* 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2372 (4th ed. 2020); *LeBeau v. Taco Bell*, 892 F.2d 605, 607 (7th Cir. 1989) ("Dismissal for want of prosecution in federal court was with prejudice, and thus a binding adjudication on the merits.")

The Court additionally notes that even if the parties had signed the complaint, it is insufficient to state a claim on their behalf under § 1983 because the complaint does not contain sufficient factual allegations to personally tie any named defendant to constitutionally violative conduct. Nor are there sufficient allegations to describe how the plaintiffs personally suffered from any wrongful conduct. A complaint must be sufficient to put a defendant on notice of the nature of the claims brought against them by a plaintiff, and the complaint in this case is not sufficient to provide such notice. Accordingly, there is more than one appropriate basis for dismissal here.

Next, as to Plaintiff McNeal, McNeal was dismissed with prejudice from the earlier litigation because he failed to sign the second amended complaint. (Doc. 182). Given McNeal's actions in the first case, he should not now be allowed to merely circumvent his earlier failures by signing the complaint in this case. McNeal, as a consequence of his own actions in the earlier identical action, was removed permanently from the lawsuit. That ruling prevents McNeal from bringing the current suit. As with the other Plaintiffs,

even if McNeal was not procedurally barred, the allegations in the complaint are not sufficient as pled to state a claim.

Finally, Plaintiff Belk's role in this lawsuit must be considered. Belk is the only plaintiff remaining in the earlier filed suit. In that suit, he is currently drafting his second amended complaint, which is due on May 16, 2022. Given that Belk has an ongoing lawsuit, which at the outset was premised on the same exact claims as those presented in this suit, and he is still proceeding in that suit, there is no reason to allow him to simultaneously maintain this lawsuit. As for Belk, the Court will dismiss this lawsuit without prejudice because it would be pointless to allow him to maintain two identical lawsuits. *See Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 224 (7th Cir. 1993) (a district court may dismiss a lawsuit because it is duplicative of other pending litigation).

To the extent that the parties wished to maintain independent claims premised on state law, they are free to return to state court to do so. The Court declines to exercise supplemental jurisdiction over any freestanding state law claims because all federal claims have been dismissed. 28 U.S.C. § 1367(c).

All pending motions (10-12, 23, 25, 34, 39-40) will be denied as moot in light of the complete dismissal of this case.

[CONTINUED ON NEXT PAGE]

**Disposition**

As explained above, this lawsuit is **DISMISSED** based upon the principles of res judicata, and because it is entirely duplicative of 21-cv-142. This dismissal shall not be counted as a strike for purposes of 28 U.S.C. § 1915(g) because the plaintiffs did not file applications to proceed *in forma pauperis* under 28 U.S.C. § 1915. All pending motions are **DENIED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and to close this case.

**IT IS SO ORDERED.**

Dated: March 2, 2022

DAVID W. DUGAN
United States District Judge